## Commonwealth of Massachusetts

PLYMOUTH, ss.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. _1783CVO1290_

_Mark R Thompson et al_, PLAINTIFF(S),

v.

_J P Morgan Chase Bank_, DEFENDANT(S)

**T. Huggup**

JAN 05 2018

Mail__QC__Scan

### SUMMONS

THIS SUMMONS IS DIRECTED TO _J.P Morgan Chase Bank_. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _Plymouth Superior_ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a. Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court, 72 Belmont Street, Brockton, MA 02301, by mail or in person, **AND**

b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: _Todd S Dian Esq. 15 Cottage Ave Ste202 Quincy MA02169_

3. **What to include in your response.** An **"Answer"** is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

**Legal Papers Served**
**(New York)**

M. Iachetta
Date: 01/05/18

JAN 05 2018

☒ Inter-office Mail    ☐ Certified Mail
☐ Federal Express    ☐ Hand Delivery
☐ Fax ☐ U.S. Mail    ☐ Email ☐ UPS
Reviewed by: NY1-K303

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____ 1 2 / 2 9 _____, 20 1 7.

_____

Clerk of Courts

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ 1 2 / 2 9 _____, 20 1 7, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____ Certified mail return receipt _____

Dated: _____ 1 2 / 2 9 _____, 20 1 7      Signature: _____

**N.B. TO PROCESS SERVER:**

**PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.**

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 1783CV01290 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Mark R. Thompson et al vs. JPMorgan Chase Bank, N.A. | Robert S. Creedon, Jr., Clerk of Courts |
|---|---|

| TO: JPMorgan Chase Bank, N.A. | COURT NAME & ADDRESS Plymouth County Superior Court - Brockton 72 Belmont Street Brockton, MA 02301 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 03/15/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 04/17/2018 | |
| All motions under MRCP 12, 19, and 20 | 04/17/2018 | 05/14/2018 | 06/13/2018 |
| All motions under MRCP 15 | 04/17/2018 | 05/14/2018 | 06/13/2018 |
| All discovery requests **and depositions** served and non-expert despositions completed | 10/11/2018 | | |
| All motions under MRCP 56 | 11/13/2018 | 12/10/2018 | |
| Final pre-trial conference held and/or firm trial date set | | | 04/09/2019 |
| Case shall be resolved and judgment shall issue by | | | 12/16/2019 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 12/15/2017 | ASSISTANT CLERK | PHONE |
|---|---|---|

Date/Time Printed: 12-15-2017 13:30:45

SCV026\ 11/2014

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT

**PLYMOUTH, ss**

| | |
|---|---|
| MARK R. THOMPSON,  BETH A. THOMPSON,  )<br>)<br>)<br>*Plaintiffs,*  )<br>)<br>*vs.*  )<br>)<br>)<br>JPMORGAN CHASE BANK, N.A,  )<br>)<br>*Defendant*  ) | C.A. NO.<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.    Plaintiffs Mark R. Thompson and Beth A. Thompson brings this action as described in the paragraphs set forth herein. This complaint alleges that Defendant JPMorgan Chase Bank, N.A. (Chase) breached of the terms of that certain mortgage noted herein, given by Plaintiff, as secured by real property located at 215 Grove Street, Kingstown, MA 02364. Defendants breach resulted in an allegedly void foreclosure of said mortgage, and subsequent void mortgagee's foreclosure sale.

2.    The Plaintiffs pray that this Honorable Court find that the Defendant breached the terms of the mortgage and further find said foreclosure sale to be void as a result of said breach, enjoin the Defendant from conveyance of the subject property pending a determination by this Court verifying the validity of any underlining sale.

## JURISDICTION AND VENUE

3.    This Honorable Court has subject matter jurisdiction as the subject property at issue is located in the Commonwealth of Massachusetts, and Plaintiff resides at said subject property.

4.     Venue is proper in this Honorable Court in that the events or omissions giving rise to this claim have occurred, and the real property that is subject of the action is situated within the Commonwealth of Massachusetts.

## PARTIES

5.     Plaintiffs Mark R. Thompson and Beth A. Thompson reside at and are the owners of the subject property located at 215 Grove Street, Kingstown, MA 02364.

6.     Defendant, JPMorgan Chase Bank, N.A. (Chase) is a banking related services company located at 270 Park Avenue, New York, NY 10017.

## FACTS

7.     Plaintiffs Mark R. Thompson and Beth A. Thompson, reside at and claim to be the owners of real property located 215 Grove Street, Kingstown, MA 02364, which is the subject property as referenced herein.

8.     On September 27, 1990, the subject property was granted to Plaintiffs. The Deed evidencing transfer of the ownership of the subject property was recorded in the Plymouth County Evidence of Land Records in Book 9977 Page 259 on October 4, 1990.

9.     On June 13, 2006, Plaintiffs were granted a Mortgage loan, secured by the subject property, in the amount of $322,500.00, which was recorded in the Plymouth County Evidence of Land Records in Book 32898 Page 196 on June 21, 2006. (the Thompson Mortgage) The Mortgage identified Washington Mutual Bank, F.A. as the Lender.

10.     The Thompson Mortgage states at paragraph 22 as follows;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure

to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

11.     Paragraph 22 of the Thompson Mortgage requires that prior to acceleration and foreclosure the Defendants are required to send the Plaintiff a Default Notice which informs said Plaintiff that she has a "right to reinstate after acceleration". The "right to reinstate after acceleration" contained in the Thompson Mortgage is described in Paragraph 19 of the Mortgage as follows:

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or

3

agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

12.     On Thursday, September 25, 2008, the United States Office of Thrift Supervision (OTS) seized Washington Mutual Bank from Washington Mutual, Inc. and placed it into receivership with the Federal Deposit Insurance Corporation (FDIC). Soon thereafter the FDIC sold the banking subsidiaries to JPMorgan Chase Bank, N.A., who became the mortgagee of the Thompson Mortgage as successor in interest to Washington Mutual Bank.

13.     On or about September 20, 2017 Chase caused to be sent to Plaintiffs a Notice of Mortgagee Foreclosure Sale stating a sale date of November 15, 2017.

14.     On November 15, 2017, the Defendant wrongfully foreclosed the Thompson mortgage and conducted a mortgagee's foreclosure sale of the subject property.

15.     Plaintiffs allege that any notice sent purporting to state compliance with paragraph 22 of the Thompson Mortgage failed to contain the required information as described in said paragraph and further failed to state with specificity the conditions Plaintiffs are required to meet in order to

exercise their right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Thompson Mortgage.

16.    As such, the Defendant failed to provide Plaintiffs proper Notice of Default in breach of the Thompson Mortgage contract and are in violation of G. L. c. 183, § 21 for failure to first comply with the terms of the mortgage prior to exercising the power of sale, rendering any acceleration, foreclosure, and sale void.

**COUNT I**
**MORTGAGE POWER OF SALE**

17.    Plaintiffs repeat and reincorporate by reference all paragraphs above as if fully articulated herein.

18.    Massachusetts permits non-judicial foreclosure under the statutory power of sale contained at G. L. c. 183, § 21, so long as the terms of the mortgage and the statutes related to the power of sale are strictly complied with. The statute states:

> Section 21. The following "power" shall be known as the "Statutory power of Sale", and may be incorporated in any mortgage by reference:
>
> (POWER)
>
> But upon any default in the performance or observance of the foregoing or other condition, the mortgagee or his executors, administrators, successors or assigns may sell the mortgaged premises or such portion thereof as may remain subject to the mortgage in case of any partial release thereof, either as a whole or in parcels, together with all improvements that may be thereon, by public auction on or near the premises then subject to the mortgage, or, if more than one parcel is then subject thereto, on or near one of said parcels, or at such place as may be designated for that purpose in the mortgage, **first complying with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale**, and may convey the same by proper deed or deeds to the purchaser or purchasers absolutely and in fee simple; and such sale shall forever bar the

5

> mortgagor and all persons claiming under him from all right and
> interest in the mortgaged premises, whether at law or in equity.

(Emphasis added).

19.     As emphasized above, the foreclosure by power of sale requires that a foreclosing bank

must "comply [] with the terms of the mortgage…" G.L. c. 183, § 21.

20.     If a bank fails to strictly comply with the power of sale and the terms of the mortgage,

then a foreclosure is void. U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 428 (2014)

("Failure to comply strictly with the power of sale renders the foreclosure void.").

21.     The mortgage given by Plaintiffs, secured by the subject property states at 22 as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower
> prior to acceleration following Borrower's breach of any covenant
> or agreement in this Security Instrument…The notice shall specify:
> (a) the default; (b) the action required to cure the default; (c) a
> date, not less than 30 days from the date the notice is given to
> Borrower, by which the default must be cured; and (d) that failure
> to cure the default on or before the date specified in the notice may
> result in acceleration of the sums secured by this Security
> Instrument and sale of the Property. The notice shall further inform
> Borrower of the right to reinstate after acceleration and the right to
> bring a court action to assert the non-existence of a default or any
> other defense of Borrower to acceleration and sale. If the default is
> not cured on or before the date specified in the notice, Lender at its
> option may require immediate payment in full of all sums secured
> by this Security Instrument without further demand and may
> invoke the STATUTORY POWER OF SALE and any other
> remedies permitted by Applicable Law. Lender shall be entitled to
> collect all expenses incurred in pursuing the remedies provided in
> this Section 22, including, but not limited to, reasonable attorneys'
> fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender
> shall mail a copy of a notice of sale to Borrower as provided in
> Section 15. Lender shall publish the notice of sale, and the
> Property shall be sold in the manner prescribed by Applicable
> Law. Lender or its designee may purchase the Property at any sale.
> The proceeds of the sale shall be applied in the following order: (a)
> to all expenses of the sale, including, but not limited to, reasonable

6

attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

22.     Paragraph 22 of the Thompson Mortgage requires that prior to acceleration and foreclosure the Defendant is required to send the Borrower a Default Notice which informs the Borrower that he has a "right to reinstate after acceleration". The "right to reinstate after acceleration" contained in the Thompson Mortgage is described in Paragraph 19 of the Thompson Mortgage as follows;

> 19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

7

23.    Plaintiffs have alleged herein above that any notice sent purporting to state compliance with paragraph 22 of the Thompson Mortgage failed to contain the required information as described in said paragraph and further failed to state with specificity the conditions Plaintiffs are required to meet in order to exercise their right to reinstate the mortgage after acceleration pursuant to paragraph 19 of the Thompson Mortgage.

24.    As such, there was no compliance with the terms of the mortgage which would have allowed the Defendant to exercise the statutory power of sale as indicated above.

25.    No proper Notice of Default was sent to Plaintiffs in accordance with the terms of the mortgage.

26.    As a result, no acceleration letter could be sent to Plaintiffs, nor could the mortgagee exercise the statutory power of sale.

27.    Pursuant to the terms of the Thompson Mortgage, compliance with the obligations of the Lender as set forth in paragraphs 19 & 22 of the Thompson Mortgage are a condition precedent to acceleration and the exercise of the statutory power of sale.

28.    Plaintiffs thus never received an acceleration notice or Notice of Default pursuant to the terms of the Thompson Mortgage.

29.    Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale and foreclose on the Thompson Mortgage and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiffs.

30.    As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiffs mortgage loan account was charged fees and costs

and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

31.     The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendant in sending a Notice of Foreclosure Sale and conducting a sale without first complying with the terms of the mortgage in violation of G. L. c. 183, § 21.

32.     Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure of their home without Defendant first complying with the terms of the mortgage.

33.     The Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendant's violation of G. L. c. 183, § 21 due to the breach of contract by Defendant as noted herein.

34.     Plaintiffs have suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

35.     The Defendant's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiffs failure to make their mortgage payments.

36.     Therefore, Plaintiffs would not have suffered the harms as noted herein were it not for the Defendant's breach of the mortgage contract as noted herein.

37.     The Defendant's failure to comply with the terms of the mortgage is in violation of G. L. c. 183, § 21. The foreclosure is therefore void. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to"); See

9

also <u>Paiva v. Bank of New York Mellon</u>, USDC Mass. 14-1453, August 11, 2015 (Burroughs, A.) ("Because the Court finds that Countrywide's notice ... did not strictly comply with the requirements of paragraph [22] of the mortgage, the foreclosure sale is void.").

38.     The Plaintiffs are entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the attempted foreclosure, and the attempted mortgagee's foreclosure sale of the subject property are all void.

39.     The Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

40.     The Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

41.     Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure and sale.

42.     Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

**COUNT II**
**BREACH OF CONTRACT AND FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO EXERCISE THE STATUTORY POWER OF SALE**

43.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

44.     As described above, the mortgage contract entered into by Plaintiffs constitutes a valid offer.

45.     Upon Plaintiffs executing the mortgage contract and giving it to their Lender, the Lender accepted that offer.

46.     Alternatively, Plaintiffs execution of the mortgage contract thereby giving a security interest in their property to their Lender constitutes an offer.  Acceptance of that offer occurred when Defendant accepted payments made by Plaintiffs pursuant to the mortgage contract.

47.     The mortgage contract was supported by consideration.  Plaintiffs payments to Defendant constitutes consideration.

48.     Plaintiffs and Defendant thereby formed a valid contract and Plaintiffs were, are, and remain ready willing and able to perform under said contract.

49.     Defendant breached the mortgage contract of Plaintiffs by failing to keep its obligations pursuant to the terms as agreed to found at paragraphs 19 & 22 of the Thompson Mortgage which state in pertinent part;

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument…The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.
>
> If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale.

The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

19. Borrower's Right to Reinstate After Acceleration. If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of: (a) five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Borrower: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Borrower, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18."

(emphasis added)

50.    In Massachusetts, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance.

51.     In Massachusetts, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed.

52.     In Massachusetts, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of paragraphs 19 & 22 of the mortgage is an obligation of the mortgagee. Failure send proper Notice of Default pursuant to paragraphs 22 & 19 as noted herein is a breach of mortgage contract renders any acceleration, attempted foreclosure, and sale of the subject property void.

53.     There was no compliance with the terms of the mortgage which would have allowed the Defendant to exercise the statutory power of sale as indicated above.

54.     No default letter was sent to Plaintiffs pursuant to the terms of the mortgage. As such the Defendant could not exercise the statutory power of sale.

55.     Pursuant to the terms of the mortgage proper Notice of Default is a condition precedent to acceleration and the exercise of the statutory power of sale.

56.     Plaintiffs thus never received an acceleration notice pursuant to the terms of their mortgage.

57.     Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale, foreclose, and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiffs.

58.     As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiffs mortgage loan account was charged fees and costs

and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements.

59.     The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendant in sending a Notice of Foreclosure Sale and seeking to conduct a sale without first complying with the terms of the mortgage in violation of G. L. c. 183, § 21 and in breach of contract.

60.     Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure of their home without Defendant first complying with the terms of the mortgage and breach of contract.

61.     The Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendant's violation of G. L. c. 183, § 21 due to the breach of contract by Defendant as noted herein.

62.     Plaintiffs have suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to their, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

63.     The Defendant's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiffs failure to make their mortgage payments.

64.     Therefore, Plaintiffs would not have suffered foreclosure, sale, or the harms as noted herein were it not for the Defendant's breach of the mortgage contract as noted herein.

14

65.     The Defendant's failure to comply with the terms of the mortgage is a breach of contract and also is in violation of G. L. c. 183, § 21. The foreclosure is therefore void. U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to"); See also Paiva v. Bank of New York Mellon, USDC Mass. 14-1453, August 11, 2015 (Burroughs, A.) ("Because the Court finds that Countrywide's notice … did not strictly comply with the requirements of paragraph [22] of the mortgage, the foreclosure sale is void.").

66.     The Plaintiffs are entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the foreclosure, and mortgagee's foreclosure sale of the subject property are in breach of contract and all void.

67.     The Plaintiffs are entitled to an injunction preventing the transfer of the right, title, and interest in their property.

68.     The Plaintiffs are entitled to cancellation costs and fees assessed to them for wrongful foreclosure, together with additional damages.

69.     Plaintiffs are entitled to be returned to their status and circumstances prior to the wrongful foreclosure and sale.

70.     Plaintiffs are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: December 12, 2017

Respectfully Submitted, Plaintiffs,
By their Attorney,
Todd S. Dion, Esq.

_____

15

Todd S. Dion, Esq. (659109)
15 Cottage Avenue, Ste 202
Quincy, MA 02169
401-965-4131 Cell
401-353-1230 Phone
401-353-1231 Fax
toddsdion@msn.com

16

## VERIFICATION OF COMPLAINT

I, Mark R. Thompson, Plaintiff in the above-captioned action, hereby depose and state that I have read and subscribed to the foregoing complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury on December 12, 2017.

Date:

Respectfully submitted,
Mark R. Thompson.

## VERIFICATION OF COMPLAINT

I, Beth A. Thompson, Plaintiff in the above-captioned action, hereby depose and state that I have read and subscribed to the foregoing complaint, and the facts set forth therein are based on my own personal knowledge and are true and correct.

Signed under the penalties of perjury on December 12, 2017.

Date:

Respectfully submitted,
Beth A. Thompson.

17

Todds Dio[r]
15 Cottage
Quincy, MA 02169





7017 1450 0000 6414 2729

U.S. POSTAGE
PAID
QUINCY, MA
02169
DEC 29 17
AMOUNT
**$7.71**
R2304Y122160-11

1000          10017

INSPECTED
BY
S...

J P Morgan Chase Bank N.A.
270 Park Avenue
New York, NY 10017

RETURN RECEIPT
REQUESTED

Thompson