UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
MARK R. THOMPSON, BETH. A THOMPSON,         )
                                            )
            Plaintiffs,                     )
                                            )
v.                                          )   Civil Action No. 1:18-cv-10131-RWZ
                                            )
JPMORGAN CHASE BANK, N.A.,                  )
                                            )
            Defendant.                      )
_____)

## JPMORGAN CHASE BANK, N.A.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant, JPMorgan Chase Bank, N.A. ("Chase"), hereby submits this Memorandum of Law in Support of Its Motion to Dismiss Plaintiffs' Complaint. Pursuant to Fed. R. Civ. P. 12(b)(6), Chase respectfully requests that this Honorable Court dismiss Plaintiffs', Mark R. Thompson and Beth A. Thompson ("Plaintiffs"), Complaint for failure to state a claim upon which relief may be granted.

## INTRODUCTION

This matter concerns real property located at 215 Grove Street, Kingston, MA 02364 (the "Property"). Plaintiffs have filed the current action seeking to have the Court declare the November 15, 2017 foreclosure sale of the Property void. *See* Complaint ¶¶ 14, 38, Docket # 1-1. By their Complaint, Plaintiffs assert that Chase sent them pre-foreclosure notices that did not strictly comply with the requirements of the subject mortgage and the statutory power of sale and/or failed to send them the necessary pre-foreclosure notices, altogether. *Id.* at ¶¶ 23-29, 53-57. Contrary to Plaintiffs' claims, Chase sent all necessary pre-foreclosure notices to Plaintiffs

1

and, thus, strictly complied with the requirements of the subject mortgage. Accordingly, dismissal of Plaintiffs' Complaint is warranted.

## PROCEDURAL HISTORY

On December 15, 2017, Plaintiffs filed their Complaint in Plymouth Superior Court. On January 23, 2018, Chase, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removed Plaintiffs' suit to this Court. Docket # 1. On January 24, 2018, counsel for Plaintiffs granted Chase an extension of time to file a responsive pleading to March 1, 2018.

## STATEMENT OF RELEVANT FACTS

On June 13, 2006, Plaintiffs granted a mortgage to Washington Mutual Bank, F.A. to secure a loan in the amount of $322,500.00 ("Mortgage"). Complaint ¶ 9, Docket # 1-1. On or about August 12, 2016, Chase sent Plaintiffs correspondence via regular and certified mail titled "90-Day Right to Cure Your Mortgage Default" which advised Plaintiffs that their loan was due for the July 1, 2009 payment and informed them of all notices and rights required by Paragraph 22 of the Mortgage ("Default and Acceleration Notice").[1] *See* Correspondence dated August 12, 2016, attached hereto as Exhibit 1. Plaintiff Beth A. Thompson signed the return receipt of the certified mailing. *See* Signed Return Receipt, attached hereto as Exhibit 2. On November 15, 2017, Chase, as successor in interest by purchase from the Federal Deposit Insurance

---

[1] This Court may consider documents whose authenticity is not in dispute – "such as public records, or documents substantially incorporated into a complaint by reference – without converting [a] motion [to dismiss] into one for summary judgment." *Gallagher v. Gallagher*, CA No. 12-40027-TSH 2013 WL 752471, at *1 (D. Mass. 2013) (citing *Trans-Spec Truck Serv. Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008)); *see also Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 17 (1st Cir.1998) (When the factual allegations of a complaint revolve around a document whose authenticity is not challenged, that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss.); *Diva's, Inc. v. City of Bangor*, 411 F.3d 30 (1st Cir. 2005) (The court can review unchallenged documents outside the complaint which are expressly linked to the complaint's factual allegations upon a motion to dismiss without converting the motion to a motion for summary judgment.); *Martinez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 74 (1st Cir. 2016) (In addition to considering facts subject to judicial notice and undisputedly authentic documents, a court may consider 'concessions' in [the] plaintiff's 'response' to the motion to dismiss); *see also In re Credit Suisse-AOL Sec. Litig.*, 465 F. Supp. 2d 34, 38 (D. Mass. 2006); *Swack v. Credit Suisse First Boston,* 383 F. Supp. 2d 223, 232, fn. 9 (D. Mass. 2004).

Corporation as Receiver of Washington Mutual Bank f/k/a Washington Mutual Bank, F.A., foreclosed on the Property.  Complaint ¶¶ 12 & 14, Docket # 1-1.

## STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Crop. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68,69 (1st. Cir. 2000).  While the court must accept as true all of the factual allegations contained in the complaint, that doctrine is not applicable to legal conclusions.  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.; *see also Sanchez v. Pereira-Castillo*, 590 F.3d 31,48 (1st Cir. 2009) ("In other words, a plaintiff must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' in order to claim a 'plausible entitlement to relief.") (citations omitted).  Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct.  *Iqbal*, 556 U.S. at 679.

## ARGUMENT

Plaintiffs allege that the foreclosure sale of the Property is void because Chase (i) failed to send the necessary pre-foreclosure notices required by Paragraph 22 of the Mortgage, and (ii)

failed to send pre-foreclosure notices that strictly complied with the notice requirements of Paragraph 22. Complaint ¶¶ 23-29 & 53-57, Docket # 1-1. For the reasons stated below, Plaintiffs claims lack merit and must be dismissed.

### I. CHASE SENT PLAINTIFFS THE NECESSARY PRE-FORECLOSURE NOTICES

Chase sent Plaintiffs notice of the foreclosure sale in strict compliance with Massachusetts law and the Mortgage. Accordingly, Count I (Mortgage Power of Sale) of the Complaint must be dismissed.

Pursuant to Paragraph 22 of the Mortgage, Chase was required to provide Plaintiffs with notice regarding the:

> "(a) the default; (b) action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to [Plaintiffs], by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by [the Mortgage] and sale of the Property."

Complaint ¶ 21. Paragraph 22 further required Chase to "inform [Plaintiffs] of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of [Plaintiffs] to acceleration and sale." *Id.*

Contrary to Plaintiffs' allegations, on August 12, 2016, Chase sent each Plaintiff a Default and Acceleration Notice which informed Plaintiffs that their mortgage loan: (a) was in default and was due for the July 1, 2009 payment; (b) that tendering $200,056.60 would cure the default; (c) giving the date of November 10, 2016 as the date by which the default must have been cured; and (d) informing Plaintiffs that if they failed "to cure the default on or before 11/10/2016, Chase may accelerate the maturity of the Loan, [ ] declare all sums secured by the [Mortgage] immediately due and payable, and commence foreclosure proceedings, and sell the Property." *See* Exhibit 1 at pp. 2, 8, 10, 24, 30, and 32. The Default and Acceleration Notice

4

also advised Plaintiffs of their "right to reinstate after acceleration of the Loan and the right to bring a court action to assert the nonexistence of a default, or any other defense to acceleration, foreclosure, and sale." *Id.* at pp. 10 & 32. Significantly, Plaintiff Beth A. Thompson signed the return receipt of the certified mailing which confirms that Plaintiffs received the August 12, 2016 notice. *See* Exhibit 2. Therefore, Plaintiffs' claims asserting that Chase failed to send them a default notice prior to acceleration and sale are false and, the Complaint must be dismissed because it lacks sufficient, truthful factual content need to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678.

    **II. THE DEFAULT AND ACCELERATION NOTICE STRICTLY COMPLIED WITH THE TERMS OF THE MORTGAGE AND GOVERNING LAW**

A foreclosing entity must strictly comply with the notice of default required by Paragraph 22 of the Mortgage. *Pinti v. Emigrant Mortg. Co., Inc.*, 472 Mass. 226, 243 (2015). The sending of the notice of default prescribed by Paragraph 22 is a "prerequisite to use of the mortgage's power of sale … to be invoked only if the default is not cured within the time specified in the notice of default. *Id.* at 236. Here, the language in the Default and Acceleration Notice that Chase sent to Plaintiffs mirrors and strictly complies with the default notice requirements of Paragraph 22. *See* Exhibit 1. The Default and Acceleration Notice also strictly complies with the requirement that the default notice inform the Plaintiffs of their right to reinstate after acceleration and their right to bring a court action. *See* Exhibit 1. Accordingly, Count II (Breach of Contract and Failure to Comply with Conditions Precedent to Exercise the Statutory Power of Sale) of the Complaint must be dismissed.

The authenticity of the Default and Acceleration Notice is not in dispute because Plaintiff Beth A. Thompson signed a confirmatory delivery slip.[2] *See* Exhibit 2; see also *Town of Andover v. State Financial Services, Inc.*, 432 Mass 571 (2000) (mailing of notice to owner's listed address by certified mail is sufficient to meet due process notice requirements). Further, the Default and Acceleration Notice is central to Plaintiffs' claims and is referred to throughout the Complaint. Therefore, the Court may review and consider the Default and Acceleration Notice when ruling on Defendant's Motion to Dismiss. *Diva's, Inc. v. City of Bangor*, 411 F.3d 30 (1st Cir. 2005); see also *Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir. 2007) (quoting *Watterson v. Page*, 987 F.2d 1,3 (1st Cir. 1993) and *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998)).

The Default and Acceleration Notice demonstrates that Chase strictly complied with the notice requirements of Paragraph 22 prior to acceleration and prior to invoking the power of sale. As Plaintiffs cannot assert truthful factual content allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," this Court should dismiss Plaintiffs' Complaint. *Iqbal*, 556 U.S. at 678.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiffs' Complaint with prejudice.

**DEFENDANT RESPECTUFLLY REQUESTS A HEARING ON ITS MOTION.**

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

---

[2] Paragraph 15 of the Mortgage provides, "Notice to any one Borrower shall constitute notice to all Borrowers…" This court

Respectfully Submitted,

**PARKER IBRAHIM & BERG LLP**
*Attorneys for Defendant,*
JPMorgan Chase Bank, N.A.,


*/s/ Juan S. Lopez*
Jeffrey D. Adams, BBO# 662697
Juan S. Lopez, BBO # 683803
One Financial Center, 15th Floor
Boston, MA 02111
Phone: 617.918.7600
Facsimile: 617.918.7878
Email: jeffrey.adams@piblaw.com
juan.lopez@piblaw.com

Dated: March 1, 2018


# CERTIFICATE OF SERVICE

I, Juan S. Lopez, Esq., hereby certify that a true and correct copy of the foregoing document was served upon all parties or counsel of record via this Court's CM/ECF system or, if not registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on March 1, 2018.

*/s/ Juan S. Lopez*
Juan S. Lopez