UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK R. THOMPSON, BETH A. THOMPSON, | ) ) ) ) | |
| *Plaintiffs,* | ) ) | C.A. NO. 1:18-CV-10131 |
| *vs.* | ) ) ) ) | |
| JPMORGAN CHASE BANK, N.A, | ) ) ) | |
| *Defendant* | ) ) | |

## PLAINTIFFS' OBJECTION TO DDEFENDANT'S MOTION TO DISMISS WITH MEMORANDUM OF LAW

Now come the Plaintiffs, Mark R. Thompson and Beth A. Thompson, with this Objection to Defendant's Motion to Dismiss the Plaintiffs' Complaint. As grounds therefore, Plaintiffs state the claims are valid due to the fact that the default letter sent by Defendant was not in strict compliance with Paragraph 22 of the Mortgage contract because it failed to fully inform the Plaintiffs of his "right to reinstate after acceleration" as described in Paragraph 19 of the Mortgage.

## FACTS

The Compliant alleges a violation of Mass Gen. Laws. Ch 183 §21 and breach of contract based on the allegation that Plaintiffs never received "proper" notice of default and acceleration pursuant to paragraph 22 of the Mortgage. Paragraph 22 of the Mortgage requires that prior to acceleration and foreclosure the Defendant must have sent the Plaintiffs a Default Notice that informed the Plaintiffs that he has a "right to reinstate

after acceleration" The "right to reinstate after acceleration" contained in the Mortgage is described in Paragraph 19 of the Mortgage as follows:

> "**19. Defendant's Right to Reinstate After Acceleration.** If Defendant meets certain conditions, Defendant shall have the right to have enforcement of this Security Instrument discontinued at any time *prior to the earliest of*: (a) *five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Defendant's right to reinstate; or (c) entry of judgment enforcing this Security Instrument. Those *conditions* are that Defendant: (a) *pays Lender all sums which then would be due* under this Security Instrument and the Note *as if no acceleration had occurred*; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Defendant's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Defendant pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. *Upon reinstatement* by Defendant, this Security Instrument and *obligations* secured hereby *shall remain fully effective as if no acceleration had occurred*. However this right to reinstate shall not apply in the case of acceleration under Section 18." (emphasis added)

The Plaintiffs' Compliant alleges a breach of paragraph 22 of the mortgage by stating in paragraphs 50 through 64 that:

> "In Massachusetts, a contract containing an obligation of the Lender is construed as a condition precedent, which requires strict compliance. In Massachusetts, a mortgagee agreeing to abide certain obligations pursuant to the mortgage before acceleration, foreclosure, and sale, must adhere to those obligations, with the level of specificity as agreed. In Massachusetts, the power to sell by foreclosure sale is derived from the mortgage and statute, and strict compliance with the requirements of

2

paragraphs 19 & 22 of the mortgage is an obligation of the mortgagee. Failure send proper Notice of Default pursuant to paragraphs 22 & 19 as noted herein is a breach of mortgage contract renders any acceleration, attempted foreclosure, and sale of the subject property void. There was no compliance with the terms of the mortgage which would have allowed the Defendant to exercise the statutory power of sale as indicated above. No default letter was sent to Plaintiffs pursuant to the terms of the mortgage. As such the Defendant could not exercise the statutory power of sale. Pursuant to the terms of the mortgage proper Notice of Default is a condition precedent to acceleration and the exercise of the statutory power of sale. Plaintiffs thus never received an acceleration notice pursuant to the terms of their mortgage. Due to this failure to comply with the terms of the mortgage, no entity was contractually authorized to exercise the statutory power of sale, foreclose, and sell the subject property at mortgagee's foreclosure sale. These actions constituted a breach of contract, resulting in damages to the Plaintiffs. As a result of the above noted improper and invalid exercise of the statutory power of sale and purported foreclosure sale, Plaintiffs mortgage loan account was charged fees and costs and expenses for certified mail, advertising costs, legal fees, auctioneer costs and other charges which were reflected in their monthly mortgage statements. The Plaintiffs have incurred damages in hiring an attorney, in regard to the improper actions of Defendant in sending a Notice of Foreclosure Sale and seeking to conduct a sale without first complying with the terms of the mortgage in violation of G. L. c. 183, § 21 and in breach of contract. Plaintiffs have also incurred emotional injuries and damages due to the improper foreclosure of their home without Defendant first complying with the terms of the mortgage and breach of contract. The Plaintiffs have incurred legal fees for the prosecution of this action as a result of Defendant's violation of G. L. c. 183, § 21 due to the breach of contract by Defendant as noted herein. Plaintiffs have suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to their, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest. The Defendant's breach of contract and failure to comply with terms of the mortgage as noted herein above, are the direct cause of the harms alleged herein and not Plaintiffs failure to make their mortgage payments. Therefore, Plaintiffs would not have suffered foreclosure, sale, or the harms as noted herein were it not for the Defendant's breach of the mortgage contract as noted herein."

The Defendant's failure to comply with the terms of the mortgage is a breach of contract and also is in violation of G. L. c. 183, § 21. The foreclosure is therefore void.

3

U.S. Bank Nat. Ass'n v. Ibanez, 458 Mass. 637, 647 (2011) ("the terms of the power of sale, G.L. c. 183, § 21, must be strictly adhered to"); See also Paiva v. Bank of New York Mellon, USDC Mass. 14-1453, August 11, 2015 (Burroughs, A.) ("Because the Court finds that Countrywide's notice … did not strictly comply with the requirements of paragraph [22] of the mortgage, the foreclosure sale is void."). The Plaintiffs is entitled to a declaratory judgment determining that the acceleration of all sums due under the note, the attempted foreclosure, and attempted mortgagee's foreclosure sale of the subject property are in breach of contract and all void."

The Complaint was filed on January 5, 2018 and on March 1, 2018 Defendant answered the Complaint with this Motion to Dismiss. As Exhibit 1 to Defendant's Motion to Dismiss Defendant has provided a Default Letter that the Defendant is alleging they sent to the Plaintiffs on August 12, 2016. The purported Default Letter states at page 7 that "After November 10, 2016" (the right to cure date/ acceleration date), "you can still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place…to avoid foreclosure". This statement presents an affirmative misstatement in the default letter because Paragraph 19 of the mortgage only allows reinstatement of the mortgage after acceleration "*prior to the earliest of*: (a) *five days before* the sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Defendant's right to reinstate; or (c) entry of judgment enforcing this Security Instrument". Since there is no Applicable Law specifying the termination of the right to reinstate and there is no entry of judgment enforcing the mortgage, the Plaintiffs' right to reinstate and avoid foreclosure expired five days before the foreclosure sale in accordance with Paragraph 19

of the mortgage. Therefore the default letter's assertion that the Plaintiffs could pay the "total past due amount before a foreclosure sale take place…to avoid foreclosure" is in direct contradiction with paragraph 19 of the mortgage and is a misleading and incorrect statement. In taking account the record and discovery to date, Plaintiffs allege in accordance with Paragraph 22 of his Complaint that the purported Default Letter fails to fully and "properly" describe the Plaintiffs' "right to reinstate after acceleration" as required by and detailed in Paragraph 19 of the Mortgage. Therefore the Defendant's failure to include such information is a breach of contract for failing to provide a "proper" default notice in accordance with Paragraph 22 of the Mortgage.

## STANDARD OF REVIEW

On a motion to dismiss under Mass. R. Civ. P 12(b)(6) the court must assume the truth of all facts in favor of the non-moving party and give them the benefit of all reasonable inferences therefrom. In the case at bar, the Plaintiffs has adequately plead facts that when taken in his favor would state a claim in which he is entitled to relief. The complaint sets forth allegations that would allow for the Plaintiffs to recover under his set forth counts based upon the facts.

## ARGUMENT

**I.   The Foreclosure Sale Was Not Authorized By Mass General Laws and the Terms of the Mortgage Because the Default Notice As A Condition Precedent To Acceleration and Foreclosure Failed To Strictly With Paragraphs 22 and 19 of The Mortgage.**

The Defendant was not entitled to foreclose because they did not comply with paragraph 22 of the Mortgage. It has become standard foreclosure law throughout Massachusetts and the First Circuit that in order to properly exercise the power of sale, a mortgagee and its servicer must strictly follow the terms of the Mortgage contract. U.S.

Bank Nat'l Ass'n v. Ibanez, 458 Mass. 637, 645-646 (2011) [(in light of the "substantial power that the statutory scheme affords to a mortgagee to foreclose without immediate judicial oversight, we adhere to the familiar rule that 'one who sells under a power of sale must follow strictly its terms'"; the failure to do so results in "no valid execution of the power, and the sale is wholly void." Ibanez, 458 Mass at 646, quoting Moore v. Dick, 187 Mass. 207, 211 (1905)]. In paragraph 22 of the Mortgage, Defendant agreed to not accelerate or foreclose prior to sending a required Default Notice that included informing the Plaintiffs that he had "the right to reinstate after acceleration". The Plaintiffs avers that simply stating that he had "the right to reinstate after acceleration" in the purported Default Notice fails to strictly comply with this notice requirement because there are certain time limitations and conditions included in "the right to reinstate after acceleration" as described in Paragraph 19 of the Mortgage that the Plaintiffs must be informed. See Metropolitan Credit Union v. Matthes, 46 Mass. App. Ct. 326, 332 (1999) ("*Breach of contract and wrongful foreclosure: curing the default.* Paragraph 19 of the mortgage agreement sets out the terms under which a Defendants may exercise his right to reinstate a mortgage: payment of all sums then due on the mortgage, as well as all reasonable expenses the lender has incurred in enforcing the mortgage, including costs and reasonable attorney's fees"); Sovereign Bank v. Sturgis, 863 F.Supp.2d 75, 103 (2012) [("Under the contract, paragraphs twenty two ("acceleration, remedies") and nineteen ("Defendant's Right to Reinstate After Acceleration") govern the acceleration of the term to maturity of the loan"]; Fannie Mae v. McArdle, 89 Mass. App. Ct. 1123 (No. 15-P-965); 2016 2016 Mass. App. Unpub. LEXIS 515 (App. Ct. May 10, 2016) ("the provisions of paragraphs 19 and 22 of the mortgage contract governed the rights and

6

remedies of the parties and specifically required notice of the right to cure prior to acceleration"); OWB REO, LLC v. Telemaco, 91 Mass. App. Ct. 1128 (No. 16-P-889 June 14, 2017) (notice "did not comply strictly with the provisions of the mortgage, in that it did not inform … of his right to reinstate the mortgage loan after acceleration"). In addition, not only did the Defendant simply state in their purported default letter attached as Exhibit 1 to this motion that the Plaintiffs had "a right to reinstate after acceleration", but the Defendant also stated that the Plaintiffs could pay the "total past due amount before a foreclosure sale take place…to avoid foreclosure". This additional statement is false and misleading because it is in direct contradiction with paragraph 19 of the mortgage which states that the Plaintiffs' right to reinstate after acceleration and avoid foreclosure can only occur prior to five days before the sale and not "before the sale" as the purported default letter indicates.

In Pinti v. Emigrant Mort. Co., 472 Mass. 226 (2015), the Massachusetts Supreme Judicial Court invalidated a foreclosure that occurred years earlier even as against a third party purchaser for failure to strictly adhere to a default notice requirement contained in the mortgage. The Pinti Court held that "the mortgagee, to effect a valid foreclosure sale, must strictly comply no only with the terms of the actual power of sale in the mortgage, but also with any conditions precedent to the exercise of the power that the mortgage might contain" Pinti at 233-234 *citing* Roarty v. Mitchell, 7 Gray 243, 243-244 (1856) (where mortgage provided that upon default of payment by mortgagor, mortgagee "may enter and take possession of said premises immediately, and may sell and dispose of the same, on giving two weeks' notice thereof publically," entry and possession by mortgagee were conditions precedent to exercise of power of sale; absence of entry and

7

possession by mortgagee prior to foreclosure sale rendered it void); Smith v. Provin, 4 Allen 516, 518 (1862) (mortgage contained power of sale to be exercised upon default by mortgagor, plus certain "conditions annexed to the power of sale," including requirement that within one year following foreclosure sale, mortgagee was to make and record affidavit of compliance with requirements of deed; mortgagee's failure to comply with this "annexed" condition rendered foreclosure sale void); Rogers v. Barnes, 169 Mass, 179, 184 (1897) ("Still the general rule is that conditions precedent to the execution of a power of sale must be strictly complied with"); McGreevey v. Charlestown Five Cents Sav. Bank, 294 Mass. 480, 484 (1936) ("This court has asaid that the general rule is that conditions precedent to the execution of a power of sale must be strictly complied with"); Foster, Hall & Adams Co. v. Sayles, 213 Mass. 319, 321-324 (1913).

In Pinti, the Court reasoned that "the sending of the prescribed notice of default is essentially a prerequisite to use of the mortgagee's power of sale because the power of sale may be invoked only if the default is not cured within the time specified in the notice of default". Pinti at 236. Likewise, after a failure to cure and acceleration of the mortgage, the power of sale may be invoked only if the Plaintiffs Defendant fails to exercise his right to reinstate after acceleration prior to five days before the sale. Hence both the right to cure the default and the right to reinstate after acceleration contain deadlines for the Plaintiffs Defendants to comply with that the Plaintiffs Defendant must be informed of as part of the default notice that is a condition precedent to acceleration and foreclosure.

In Pinti the Court held that the default letter in accordance with paragraph 22 of the mortgage failed to strictly comply with the term of the mortgage because the default

letter in that case stated that the Plaintiffs "have the right to assert in any lawsuit for foreclosure and sale the non existence of a default" rather than "the right to bring a court action to assert the non-existence of a default" as paragraph 22 delineates. The Pinti Court reasoned that the language used in the default letter in that case was misleading because Massachusetts is a non-judicial foreclosure state and the fact that the default letter failed to state that the Defendant had a "right to bring a court action" could mislead the Defendant "into thinking that they had no need to initiate a preforeclosure action…but could wait to advance a challenge or defense to foreclosure as a response to a lawsuit initiated by the mortgagee – even though, as a practical matter, such lawsuit would never be brought". Pinti at 237-238. Likewise in this case the Plaintiffs Defendant's right to reinstate after acceleration is not accurately described in the default letter in this case (Exhibit 1 to Defendant's Motion at page 5) because the default letter states that after acceleration (December 25, 2016) the Plaintiffs Defendant could "still avoid foreclosure by paying the total past due amount before a foreclosure sale takes place". This is not a true statement and is misleading as well because the mortgage states at paragraph 19 that the right to reinstate after acceleration expires 5 days before the sale. Therefore the Plaintiffs Defendant may not avoid the foreclosure by reinstating the mortgage by paying only the total past due amount before a foreclosure sale takes place because not only does paragraph 19 list a number of additional conditions (not just paying the total past due amount but costs, attorneys fees, etc.) but also because paragraph 19 does not allow reinstatement of the mortgage if payment is tendered less than 5 days before the foreclosure sale.

The Pinti Court further stated "in a nonjudicial foreclosure jurisdiction like Massachusetts, misstating this information in a way to suggest that a mortgagor with a defense does not need to initiate a lawsuit but may wait to respond to a foreclosure lawsuit filed by the mortgagee can have disastrous consequences for the mortgagor: if the mortgagor has a valid defense to the foreclosure sale going forward, but is not made aware that he or she must initiate a court action against the mortgagee to raise that defense, the sale may well proceed and result in title passing to a bona fide purchaser without knowledge of the issue". Pinti at 241-242. The same consequence applies to this case because in this case the default letter states that the Plaintiffs Defendant could pay the total past due and avoid foreclosure before the sale without informing the Plaintiffs Defendant that the right to reinstate after acceleration expires 5 days before the foreclosure sale. Similar to Pinti, this misstatement may suggest that a mortgagor with access to the funds to pay the total past due amount could wait until less than 5 days before the foreclosure sale to tender payment. This could lead to the disastrous consequence of the Defendant's home being foreclosed on when he could have tendered payment of the reinstatement amount prior to 5 days before the foreclosure sale. Therefore, as in Pinti, the failure to strictly describe the right to reinstate after acceleration in this case and affirmatively state that the Plaintiffs Defendant could avoid foreclosure by paying the total amount due before the foreclosure takes place and not prior to 5 days before the sale cannot be described as a mere irregularity.

## CONCLUSION

This case derives from the mortgage contract itself and the Defendant's breach of that mortgage contract. <u>Pinti v. Emigrant Mortgage Company, Inc.</u>, 472 Mass 226, 232 (Mass. 2015). The Plaintiffs' complaint sets forth the following: The Power of Sale derives from the mortgage contract. Furthermore, the terms of a mortgage contract must be strictly adhered to in order to invoke the Statutory Power of Sale. The Defendants breached the mortgage contract by failing to include the conditions and specific deadlines for the Plaintiffs to invoke his right to reinstate after acceleration. The Plaintiffs suffered loss, namely loss of his property, due to the Defendant's breach of paragraph 22 of the mortgage contract. Therefore, the Defendant's motion to dismiss must be denied.

Dated: March 12, 2018

Respectfully Submitted,
Plaintiffs,
By their Attorney,


/s/ Todd S. Dion\_\_\_ _____
Todd S. Dion, Esq. (6852)
15 Cottage Avenue, Suite 202
Quincy, MA
Telephone: 401-965-4131
Facsimile: 401-270-2202
toddsdion@msn.com